UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL LEON WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00430-CLB<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING AS MOOT MOTIONS FOR APPOINTMENT OF EXPERT WITNESS AND TO COMPEL DISCOVERY**<br><br>[ECF Nos. 39, 40, 41] |

Currently pending before the Court are Plaintiff Michael Leon Williams's ("Williams") motions for appointment of counsel, appointment of expert witness, and to compel discovery. (ECF Nos. 39, 40, 41.) Having considered Williams's motion for counsel and the docket in this case, the Court finds that exceptional circumstances exist that support the appointment of counsel and therefore grants Williams's motion for counsel, (ECF No. 39), and denies Williams's motions for appointment of expert witness and to compel discovery, (ECF Nos. 40, 41), as moot.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and

both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Having considered Williams's motion and the docket in this case, the Court finds that exceptional circumstances warrant appointment of counsel. *Terrell*, 935 F.2d at 1017. First, this case is based on allegations of deliberate indifference to medical treatment related to issues Williams was experiencing with his prostate. (ECF No. 3.) According to the allegations in the complaint, Williams suffered severe medical issues with his prostate and Defendants failed to provide adequate medical treatment for these issues resulting in significant injuries.

As to likelihood of success on the merits, the Court notes that in *Stewart v. Aranas*, Case No. 3:17-cv-00132-MMD-CLB, the plaintiff alleged a deliberate indifference of medical claim based on claims related to issues with his bladder and prostate, including the delay in treatment for Stewart's medical issues, which appear to be quite like the allegations asserted in this case. Ultimately, Stewart succeeded in winning a substantial jury verdict following a civil trial. (*See Stewart v. Aranas*, 3:17-cv-00132-MMD-CLB at ECF No. 169.) Given the similarities in these two cases, this Court finds Williams is likely to succeed on the merits if this case proceeds to trial.

Turning to Williams's ability to adequately articulate his claim, given the complexity of the issues, Williams's motion for counsel and other motions filed in this case establish that in order for Williams to proceed on his claim through dispositive motions, he will likely require the assistance and appointment of a medical expert and be required to conduct extensive discovery due to the complexity in establishing that Defendants' failure to treat his prostate issues caused his injuries. Williams has moved for appointment of a medical expert and has filed a motion to compel discovery due to issues that he is experiencing

with the discovery process. Moreover, it is evident that if the case proceeds to trial, a medical expert will be necessary and conducting a trial will require skills that Williams does not appear to possess. Taking all these facts and circumstances into account, the Court finds that Williams has shown that exceptional circumstances exist in this case to warrant the appointment of counsel.

The Court therefore grants Williams's motion for appointment of counsel, (ECF No. 39), and stays this case in its entirety until pro bono counsel is identified and formally appointed. In addition, this case is referred to the Pro Bono Program ("Program") adopted in the Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Williams. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly, **IT IS HEREBY ORDERED** that Williams's motion for appointment of counsel, (ECF No. 39), is **GRANTED**.

**IT IS FURTHER ORDERED** that Williams's motions for appointment of an expert witness and to compel discovery, (ECF Nos. 40, 41), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that this case is **STAYED** in its entirety until pro bono counsel is identified and formally appointed in this case.

**DATED**: June 17, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**